UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVENOAKS CAPITAL ASSOCIATES, a Division of Gulf Coast Bank and Trust Company, a Louisiana state-chartered banking company,<br><br>Plaintiff,<br><br>v.<br><br>BIZON GROUP, INC., dba CONEXWEST,<br><br>Defendant. | No. 2:26-cv-00297-DAD-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff SevenOaks Capital Associates' motion for a default judgment (ECF No. 8) was heard on October 1, 2026. No appearance was made by Defendant or on its behalf. The motion for default judgment is before the undersigned pursuant to Local Rule 302(c)(19). The undersigned recommends that the motion be granted.

**BACKGROUND**

Plaintiff initiated this matter by filing a complaint on February 3, 2026. ECF No. 1. Plaintiff is a finance company engaged in a practice called "factoring[,]" whereby Plaintiff as the "Factor" buys accounts receivable from its "Factoring Client" at a discount, takes a security interest in other client assets (the "non-factored Accounts"), and informs the "Account Debtors" who pay into the accounts receivable of the assignment. ECF No. 1 at 3-4. This "Notice of

Assignment" directs the Account Debtors to pay all amounts owed to the Factoring Client directly to Plaintiff from then on, even if those amounts are owed on non-factored Accounts. *Id.* Factoring Clients do not retain any interest in the factored Accounts. *Id.* at 4.

Non-party Globetrotter Transportation, Inc., was one of Plaintiff's Factoring Clients, and Defendant Bizon Group was the Account Debtor to one of the factored Accounts. *Id.* at 4. Plaintiff and Globetrotter's Factoring Agreement required that Plaintiff also purchase invoices to Defendant for services that Globetrotter had rendered from June to September 2025, totaling $214,610, before the factoring (the "Invoices"). *Id.* at 5-6. Despite sending the Notice of Assignment, and requests for payment in November and December 2025, Defendant has not paid and refused to pay outstanding amounts on these Invoices. *Id.* at 5-8. The Complaint alleges that this breach of contract has resulted in $214,610 in damages, not including attorneys' fees, costs, and applicable prejudgment interest. *Id.* at 8-11.

Proof of service of process was filed on March 3, 2026. ECF No. 4. Plaintiff filed a request for entry of default on April 6, 2026, which was also served on Defendant by U.S. Mail. ECF No. 5. The request was supported by the declaration of counsel, Jennifer Riso, which averred that Defendant had been served with the summons and complaint. ECF No. 5 at 6. On April 22, 2026, the Clerk entered default. ECF No. 6.

On August 24, 2026, Plaintiff filed a motion for default judgment. ECF No. 8. Plaintiff seeks $204,189.80, including $193,475 in principal owed, $484.49 in litigation costs, and $10,230.31 in prejudgment interest calculated from February 12 to August 24, 2026, at an annual rate of 10%. ECF No. 8-1 at 9-10, 12; ECF No. 8-2 at 4. The motion for default judgment states that it was served on Defendant by U.S. Mail. ECF No. 8 at 3. The matter was heard on October 1, 2026, and no appearance was made by Defendant or on its behalf.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Pope v.*

*United States*, 323 U.S. 1 (1944); *Geddes v. United Fin. Group*, 559 F.2d 557 (9th Cir. 1977)); *see also DirectTV v. Huynh*, 503 F.3d 847, 851 (9th Cir. 2007); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. *See Dundee*, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. *Dundee*, 722 F.2d at 1323-24; *see also James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court considers a variety of factors in exercising its discretion. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Those factors include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

### 1. The *Eitel* Factors Favor Entry of Default Judgment

#### a. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Prejudice can be established where failure to enter a default judgment would leave plaintiff without a proper remedy. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal 2002). Plaintiff argues that without entry of default judgment, it is without recourse for recovery or remediation of barriers. ECF No. 8-1 at 7. The Court concurs that because Defendant failed to appear in this action, denial of default judgment would leave Plaintiff no remedy for its injury. Accordingly, the first factor weighs in favor of default judgment.

**b. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors jointly examine whether the plaintiff has pleaded facts sufficient to establish and succeed upon its claims. *Pepsico, Inc.*, 238 F.Supp.2d at 1175 (citing *Kleopping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. Feb. 14, 1996)).

As explained in the Complaint, Globetrotter assigned to Plaintiff all interest in factored Accounts to which Defendant was an Account Debtor. ECF No. 8-4. Plaintiff notified Defendant of this assignment. ECF No. 8-5. An October 2025 statement showed that at the time, Defendant owed a total of $214,610 on the outstanding invoices. ECF No. 8-3 at 4; ECF No. 8-6. Plaintiff sent demands for payment on November 10 and December 4, 2025, with copies of the statement attached. ECF Nos. 8-7, 8-8. The motion concedes that Defendant has since paid $21,135, reducing the principal to $193,475. ECF No. 8-1 at 4.[1] Plaintiff has adequately proven that this amount remains outstanding, and that Defendant has engaged in breach of contract (Count One in Plaintiff's complaint).

A prevailing party is also entitled to recover filing fees as costs. Fed. R. Civ. P. 54(d); Local Rule 292(f). Counsel for Plaintiff asserts in a declaration that the costs in this action total $484.49. ECF No. 8-2 at 3. Additionally, in any action where the Plaintiff is entitled to damages made certain by calculation based on a contract entered after 1986, Plaintiff is also entitled to prejudgment interest at a rate of 10%. Cal. Civ. Code §§ 3287(b), 3289(b). Based on a principal of $193,475, Plaintiff has calculated this interest to be ($193,475 x .10)/365 = $53.01 per day from the commencement of this action, or $10,230.31 as of August 24, 2026. ECF No. 8-2 at 4.

Plaintiff has adequately demonstrated that default judgment based on failure to pay the invoices should total $193,475 + $484.49 + $10,230.31 = $204,189.80.

**c. Sum of Money at Stake**

In weighing the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc.*, 238 F.Supp.2d at 1176-77. The factor weighs against default judgment when a large sum of money is at stake. *Eitel*, 782

---

[1] Plaintiff confirmed at the hearing that it had not received any additional payments since filing the motion.

F. 2d. at 1472. "When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored." *Freligh v. Roc Asset Solutions*, LLC, Case No. 16-cv-653-MEJ, 2016 WL 3748723, at *6 (N.D. Cal. June 8, 2016).

Here, Plaintiff seeks $193,475 in principle damages, $484.49 in costs, and $10,230.31 in prejudgment interest, for a total of $204,189.80. This amount, while substantial in isolation, is in proportion to the amounts that Plaintiff has demonstrated Defendant owes. This factor does not weigh against default judgment.

**d. Possibility of Disputed Material Facts**

The fifth *Eitel* factor examines whether a dispute regarding material facts exists. *Eitel*, 782 F.2d. at 1471-72. Here, Defendant failed to appear leading to an entry of default. Given the circumstances there is no possibility for a dispute of material fact. *See Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"). This factor weighs in favor of a default judgment.

**e. Whether the Default Was Due to Excusable Neglect**

The sixth *Eitel* factor considers whether Defendant's failure to answer is due to excusable neglect. *Eitel*, 782 F.2d at 1471-72. This factor considers due process, ensuring defendants are given reasonable notice of the action. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Here, Defendant was properly served with a copy of the complaint, the summons, request for entry of default, and the instant motion for default judgment. ECF Nos. 4, 5, 8 at 3. Under the circumstances, it is unlikely that the Defendant's actions in failing to appear were the result of excusable neglect. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants were served with the complaint, the notice of entry of default, as well as the papers in support of the instant motion). This factor does not weigh against default judgment.

/////

/////

**f. Policy of Deciding Cases on the Merits**

The seventh *Eitel* factor considers the courts' general disposition favoring judgments on the merits. *Eitel* 782 F.2d at 1472. The Defendant's failure to appear has made a judgment on the merits impossible. Accordingly, this factor does not weigh strongly against a default judgment.

**g. Conclusion**

In consideration of all the *Eitel* factors, the undersigned finds the factors weigh in favor of granting Plaintiff's motion for default judgment.

**2. Terms of Judgment**

The undersigned having found default judgment is appropriate, must now address the issue of damages. As discussed above, Plaintiff has demonstrated that Defendant owed $214,610 on outstanding invoices, while conceding that Defendant has since paid $21,135. ECF No. 8-1 at 4; ECF No. 8-3 at 4; ECF No. 8-6. Plaintiff has also demonstrated that Defendant should be assessed $484.49 in costs and $10,230.31 in prejudgment interest. ECF No. 8-2 at 3-4. Plaintiff's request for $193,475 + $484.49 + $10,230.31 = $204,189.80 should therefore be granted in full.

**CONCLUSION**

Having considered the *Eitel* factors, the undersigned finds they weigh in favor of a default judgment for Plaintiff.

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for default judgment (ECF No. 8) be GRANTED as set forth herein;
2. Judgment be entered in favor of Plaintiff and against Defendant in the sum of $204,189.80, as follows:
    a. $193,475 in compensatory damages for failure to pay the outstanding balances on the disputed invoices;
    b. $484.49 in costs; and
    c. $10,230.31 in prejudgment interest.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE